HONORABLE RONALD B. LEIGHTON

WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FEDERATED MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK N.A.,<br><br>    Defendant. | CASE NO. C17-5509 RBL<br><br>ORDER |

THIS MATTER is before the Court on the Defendant Banks' Motion for Summary Judgment, seeking dismissal of Plaintiff Federated Mutual's subrogation claim against them.

Federated Mutual's insured, Haselwood, owns several Western Washington automobile dealerships. Karen Veale is a former Haselwood employee. Between 2010 and 2016, Veale engaged in a fraud scheme to embezzle money from Haselwood. Veale frequently issued "referral fee" checks (typically $200) when a car was sold, which, despite not being indorsed were deposited into her own Wells Fargo bank accounts. Veale did this more than 2,700 times, stealing more than half a million dollars. Haselwood's accounts were at Wells Fargo during the first five years of Veale's scheme, and at U.S. Bank during the last.

Haselwood discovered the fraud, and Federated Mutual indemnified it for the loss. The insurer sued the Banks to recover its money in July 2017, claiming they should have discovered

the fraud earlier. Federated Mutual asserts three claims: The checks were not "**properly payable**" under the UCC (RCW 62A.4-401(a) and (2)); the Banks did not act in accordance with **reasonable commercial standards**; and they breached their **UCC warranties** by permitting the checks to be deposited in Veale's accounts.

The Banks seek summary judgment on Federated Mutual's subrogated claims. They argue that some or all of the claims are time-barred, in three ways: (1) the Haselwood's account agreements include six- (Wells Fargo) and twelve- (U.S. Bank) month limitations periods; (2) a commercial customer has one year to "discover and report" "unauthorized endorsements" under RCW62A.4-406(f), barring any claim based on checks written before May 1, 2015; and (3) the UCC's three years limitations period (RCW 62A.4-111) bars any claim for losses prior to July 3, 2014.

The Banks also argue that the UCC displaces Federated Mutual's "reasonable commercial standards" claim. Finally, they argue that Federated Mutual's UCC warranty claims fail as a matter of law. They argue there is no independent claim for the warranty of good faith. They claim that "presentment warranties" do not run from the banks to the draw*er* (Haselwood, or Federated Mutual as Haselwood's subrogee); they run to the draw*ee* (paying) bank. RCW 62A.4-208.

Federated Mutual argues that the Banks grossly failed to exercise ordinary care (as they each agreed to do in their account agreements, and were required to do in any event under RCW 62A.4-103(a)) by repeatedly paying un-indorsed checks. It argues that the UCC does not permit a bank to limit or waive this obligation, and that the Bank's conduct precludes it from enforcing the account agreements' time limitations.

It also argues that the because Veale did not sign (indorse) the checks, the UCC's (RCW 62A.4-406(f)) one year period for "discovering and reporting" any "unauthorized indorsement" does not apply. It argues that its claims did not accrue until it discovered the fraud in March 2016, meaning that it filed well within the UCC's three-year limitations period (RCW 62A.4-111).

**A. Legal Standard.**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence supporting an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely

relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

**B. Limitations periods.**

The Banks argue that their respective Account Agreements include enforceable limitations periods that effectively cut off any liability for the losses caused by Veale's scheme. Each agreement requires a customer to notify the bank of "problems" including unauthorized, forged or missing endorsements (or signatures), within six months [Wells Fargo] or 12 months [U.S. Bank] after the bank makes the customer's statement available. *See* Ramos Dec. Dkt. # 42 Ex 1-A, p. 11-12; Lampson Dec. Dkt. # 41 at Ex 1-A, p. 11; *see also* Federated Mutual's Response Dkt. # 46 at 14-15.

Federated Mutual argues that these Account Agreements purport to relieve the Banks of their duty to use ordinary care. It claims that RCW 62A.4-103(a) prohibits a bank from disclaiming its duty to use ordinary care, or to limit the measure of such damages for such failure. Thus, it claims, the Account Agreements' notice provisions are not enforceable. It argues that the Banks engaged in manifestly unreasonable conduct by paying checks with missing indorsements. *Citing Travelers Casualty & Surety Co. v. Washington Trust Bank*, 186 Wash.2d 921, 944 (2016) ("Examples of a bank's "clearly unreasonable conduct" are payment of checks with missing indorsements[.]") (Internal citation omitted), and *Govoni & Sons Constr. Co. v. Mechs. Bank*, 742 N.E.2d 1094 (2001).

The Banks do not concede[1] that paying a check with a missing indorsement is a failure to use ordinary care in Washington. They argue that even if it was, it does not follow that an

---

[1] The Banks argue that the failure to use sight examination of each check is not a failure to use ordinary care, citing RCW 62A.4-406(d) and UCC comment 4 to that section. It points out that Federated Mutual "tacitly concedes" this point in a footnote arguing that the ordinary practice in Washington (*not* examining every check) is only *prima facie* evidence of ordinary care and that the Court has the power to make the ultimate determination.

ORDER - 4

Account Agreement's limitation on the *time* for a customer to discover and report a missing or otherwise improper indorsement is not enforceable. They argue, persuasively, that the opposite is true: time limits for notifying the bank of an error, and for making a claim based on it, are enforceable, and do not amount to disclaiming the duty to use ordinary care, as a matter of law. Such notice is a condition precedent to the Bank's liability, not a disclaimer of its duty. *See Bank of Am. N.A. v Putnal seed & Grain, Inc.*, 965 So.2d 300, 302 (Fla Ct. App. 2007) ("Because the Deposit Agreement has no effect on the bank's duty to act with ordinary care, it is not void[.]"); *see also* cases catalogued in Banks' Reply Dkt # 52 at p. 4, to the same effect.

This position is correct. There are no authorities supporting the claim that Account Agreements cannot impose time limitations for notifying the bank of errors or problems based on the customer's review of its statements. Doing so is not a disclaimer of the bank's obligation to use ordinary care, and it is not unenforceable as a matter of law.

The Banks' Motion for Summary Judgment on this basis is **GRANTED**.

Federated Mutual's subrogated claims against Wells Fargo are based on checks reflected on its December 1, 2015 statement. Haselwood did not notify Wells Fargo of any issue with the checks within six months of that date; it did not do so until it sued in July 2017. Those claims are time-barred and they are **DISMISSED**.

The last U.S. Bank statement at issue is dated April 1, 2016. This is more than a year prior to written notice of the problems, in the form of this July 2017 lawsuit. Federated Mutual's claims against U.S. Bank are also time-barred and they are **DISMISSED**.

* * *

As the Banks argue, this is a threshold issue and it alone is sufficient to dismiss the claims as matter of law. The Court will therefore not address the remaining arguments in detail.

It will note, however, that the UCC's own one-year limitations period—RCW 62A.4-406(f)—would also bar most of Federated Mutual's claims. Federated Mutual argues that the statute applies to unauthorized indorsements, not to missing indorsements. Leaving aside the fact that such a distinction makes little sense in the context of a statute effectively imposing on the customer an obligation to review its checks, the weight of authority[2] on the subject rejects that claim. The Banks correctly point out that *Govoni*, *supra*, actually held that "a missing indorsement is treated as an unauthorized indorsement under the UCC." 742 N.E.2d at 1094. *See also Tr. Co. Bank v. Atlanta IBM Emp. Fed. Credit Union*, 264 S.E.2d 202, 204 (Ga. 1980) ("since the customer is required to examine its statement containing cancelled checks for forged, altered or unauthorized endorsements, then a customer could certainly shoulder the burden of discovering missing endorsements at the same time.").

This authority bolsters the Court's conclusion above, and would limit Federated Mutual's claims in any event. The Court would grant the Banks' Motion on this basis as well, if it denied it based on the Account Agreements.

The Banks' remaining arguments are similarly persuasive. The Motion for Summary Judgment [Dkt. # 39] is **GRANTED** and Federated Mutual's claims against both Banks are **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated this 27th day of September, 2018.

Ronald B. Leighton
United States District Judge

---

[2] Federated Mutual relies solely on *dicta* in *Travelers*, *supra*, and *dicta* in *In re McMullen Oil Co.*, 251 B.R. 558, 578 (Bankr. C.D. Cal. 2000).

ORDER - 6